1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRAIR OGANISIAN,<br><br>            Petitioner,<br><br>     v.<br><br>PAMELA BONDI, *et al.*,<br><br>            Respondents. | Case No. 5:26-cv-00968-CV (KES)<br><br>**ORDER GRANTING PETITIONER'S APPLCIATION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[DOC. # 6]** |

On March 1, 2026, Petitioner Grair Oganisian ("Petitioner") filed an "Motion for a Temporary Restraining Order" ("Application"). Doc. # 6 ("App."). On March 3, 2026, Respondents[1] filed a Response, and on March 5, 2026 Petitioner filed a Reply. Doc. # 7 ("Resp."); Doc. # 8 ("Reply"). Having reviewed and considered all the briefing filed with respect to the Application, the Court finds that oral argument is not necessary to resolve the Application, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

I. **INTRODUCTION**

On March 1, 2026, Petitioner filed a "Verified Petition for Habeas Corpus and Complaint for Injunctive and Declaratory Relief" pursuant to 28 U.S.C. section 2241 against Respondents. Doc. # 1 ("Pet.").

On March 1, 2026, Petitioner filed the Application. The application asks the Court to order Respondents to release Petitioner immediately under appropriate supervision, return the property confiscated from him at the time of his detention, and refrain from re-detaining Petitioner unless they first satisfy certain procedural prerequisites. *See* Doc. # 2-9 at 2.

II. **FACTUAL BACKGROUND**

Petitioner entered the United States in February 1996 as a citizen of the Soviet Union, traveling on his mother's passport. Doc. # 2-2 at 2, ¶ 1. He was later granted asylum. *Id.*

On November 21, 2011, Petitioner was ordered removed from the United States to Armenia, or, in the alternative, to Costa Rica. *See* Doc. ## 2-3, 2-4.

On February 24, 2012, Petitioner was placed on an order of supervision ("OSUP"). Doc. # 2-4. Petitioner asserts that since that time he has not been convicted of any crimes

---

[1] Respondents are Pamela Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; the U.S. Department of Homeland Security; the Warden of the Deserve View Detention Facility; and Jamie Rios, in his official capacity as ICE Field Office Director (collectively, "Respondents").

and has complied with the OSUP's requirements, including periodically checking in with immigration officials. Doc. # 2-2 at 2–3, ¶¶ 2, 6.

During the years following the issuance of the OSUP, Petitioner states that he owned a trucking company and lived with his partner—a United States citizen and the mother of his children—and their two U.S.-citizen children. *Id.* at 3, ¶ 6.[2]

On February 5, 2026, Petitioner attended a check-in with Immigration and Customs Enforcement ("ICE") in downtown Los Angeles. According to Petitioner, ICE officials detained him at that appointment without providing him an opportunity to explain why he should not be detained or deported. *Id.* at 2, ¶¶ 2–3.[3] The following day, ICE transferred Petitioner to the Desert View Detention Facility. *Id.* at 2, ¶¶ 3–4.

Petitioner further asserts that while detained, ICE officials interviewed him twice in an apparent effort to obtain his signature on an application for travel documents. *Id.* at 2–3, ¶¶ 4–5. According to Petitioner, the officials did not ask whether there was any reason he believed he should not be detained or deported. *Id.* Petitioner refused to sign the documents without first consulting a lawyer. *Id.* ¶ 4. He further asserts that ICE officers told him that if he did not sign, "they would deem [him] to have not cooperated," and threatened that he "could serve four years in federal prison." *Id.* at 2–3, ¶ 4.

//

---

[2] Along with his Petition and Application, Petitioner submitted copies of the U.S. passports of his partner, children, mother, and sister, as well as copies of his children's California birth certificates. Doc. ## 1-5, 2-6. Because these documents contain personal identifiable information of non-parties, the Court sua sponte ORDERS the Clerk of Court to SEAL them. Doc. ## 1-5, 2-6; *see* Fed. R. Civ. P. 5.2.

[3] Petitioner submits what appears to be a February 5, 2026 "Notice of Revocation of Release" from ICE. The notice states that "[Petitioner's] release has been revoked pursuant to 8 C.F.R. 241.4(1)" because "[i]t is appropriate to enforce the removal order entered against you as ICE has the ability and means to effectuate your removal," and because "ICE is seeking a travel document to affect your expeditious removal to Armenia." Doc. # 2-5 at 1. The notice does not assert that circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future. *See id.* at 2. It further states: "On 2/5/2026, you will be afforded an informal interview at which you will be given an opportunity to respond to the reasons for this revocation." *Id.* On the line designated for "Detainee Signature," handwritten text indicates that Petitioner "refused to sign." *Id.* at 3.

## III. LEGAL STANDARD

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

## IV. DISCUSSION

Petitioner argues that ICE re-detained him without following its own regulations, specifically those requiring (1) changed circumstances, and (2) notice and an opportunity to be heard, and that this violated his rights under the Due Process Clause and the relevant regulations. Doc. # 2-1 at 8–15.

Given the facts set forth above (see Section II), and in light of Respondents' decision not to oppose the requested relief, the Court concludes that issuance of a temporary restraining order is warranted. This conclusion is consistent with the Court's prior determination that similar circumstances justified such relief. *See, e.g.*, *Le v. Bowen*, No. 5:25-cv-03586-CV (BFM) (C.D. Cal. Jan. 9, 2026) (Doc. # 10)).

Specifically, the Court will grant Petitioner's request that he not be transferred outside of the Central District of California during the pendency of the proceedings, and that he be immediately released and not re-detained unless Respondents comply with the regulations governing revocation of an Order of Supervision.

Finally, the security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. The Court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

## V. **CONCLUSION**

For the foregoing reasons, the court GRANTS IN PART Petitioner's Application and ORDERS as follows:

1. Respondents are ordered to immediately release Petitioner from custody, subject to the conditions of his prior order of supervision, and shall not impose any release restrictions on petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing. Respondents are enjoined from re-detaining Petitioner without compliance with applicable INA Regulations. Upon his release, Respondents are ordered to return to Petitioner any personal effects confiscated at the time of his detention, including, but not limited to, all forms of identification and/or work authorization documents.

2. Respondent must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner.

3. To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

4. This temporary restraining order shall take immediate effect and expires at **5:00 p.m. PT on March 20, 2026**. The temporary restraining order may be extended for good cause or upon Respondents' consent.

5. Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. Civ. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than **March 13, 2026**. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than **March 17, 2026**.

6. The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

**IT IS SO ORDERED.**

Dated: 3/6/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE