UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GRAIR OGANISIAN,

              Petitioner,

     v.

PAMELA BONDI, *et al.*,

              Respondents.

Case No. 5:26-cv-00968-CV (KES)

**ORDER ISSUING PRELIMINARY INJUNCTION PURSUANT TO ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [9]]**

On March 6, 2026, the Court issued a Temporary Restraining Order ("TRO") and Order to Show Cause why a Preliminary Injunction Should Not Issue ("OSC"). Doc. # 9 ("TRO Order"). On March 9, 2026, Respondents[1] filed a Notice of Compliance reporting that Petitioner had been released from custody on March 6, 2026. Doc. # 10. On March 12, 2026, Respondents filed a response to the OSC. Doc. # 11. Petitioner Grair Oganisian

---

[1] Respondents are Pamela Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; the U.S. Department of Homeland Security; the Warden of the Deserve View Detention Facility; and Jamie Rios, in his official capacity as ICE Field Office Director (collectively, "Respondents").

1

("Petitioner") did not file a reply.[2] Having reviewed and considered all the briefing filed with respect to the Order to Show Cause Re: Preliminary Injunction, the Court finds that oral argument is not necessary to resolve the OSC, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

## I.   BACKGROUND

On March 1, 2026, Petitioner filed a "Verified Petition for Habeas Corpus and Complaint for Injunctive and Declaratory Relief" pursuant to 28 U.S.C. section 2241 against Respondents. Doc. # 1 ("Pet.").

On the same day, Petitioner filed a "Motion for a Temporary Restraining Order" ("Application"). Doc. # 2 ("App.").

On March 6, 2026, the Court issued the TRO and OSC ordering:

1.   Respondents are ordered to immediately release Petitioner from custody, subject to the conditions of his prior order of supervision, and are enjoined from re-detaining Petitioner without compliance with applicable INA Regulations. Upon his release, Respondents are ordered to return to Petitioner any personal effects confiscated at the time of his detention, including, but not limited to, all forms of identification and/or work authorization documents.

2.   Respondent must file with the Court a Notice of Compliance within twenty-four (24) hours of releasing Petitioner.

3.   To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

---

[2] On March 6, 2026, the Court ordered Petitioner to file a reply no later than March 17, 2026. Doc. # 9 at 6 ("Petitioner *shall* file a reply no later than March 17, 2026) (emphasis added). The Court admonishes Petitioner's counsel for failure to follow this order. The Court expects strict compliance with its orders in the future or appropriate sanctions may be imposed.

2

4.      This temporary restraining order shall take immediate effect and expires at 5:00 p.m. PT on March 19, 2026. The temporary restraining order may be extended for good cause or upon Respondents' consent.

5.      Respondents are ordered to show cause why a preliminary injunction should not issue. *See* C.D. Cal. L. Civ. R. 65-1. Respondents must file any written response to the Order to Show Cause no later than March 13, 2026. Failure to file a response by this deadline shall be deemed as consent to the granting of a Preliminary Injunction. Petitioner shall file a reply no later than March 17, 2026.

6.      The Court shall decide, after reviewing the parties' papers, whether to hold a hearing on the Order to Show Cause or to take the Order to Show Cause under submission.

TRO Order at 5–6.

The Court has previously recounted the factual background in this case in the TRO Order which is incorporated here by reference. *See generally* TRO Order.

## II.      **LEGAL STANDARD**

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also

3

known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

## III.    **DISCUSSION**

In response to the OSC, Respondents argue that they have complied with the TRO by releasing Petitioner from custody and not re-detaining him. Gov. Resp. at 2–3; Doc. # 11. Respondents argue that Petitioner's release moots both the requested preliminary injunction and this habeas petition more generally. Gov. Resp. at 2. Respondents make no arguments as to the merits of the Preliminary Injunction, and their sole argument is that the request is moot in light of the actions they have taken in response to the TRO. *See generally id.*

First, Respondents complied with the Court's order that they release Petitioner from custody and that they provide the Court with a notice of compliance. *See* Doc. # 14. The Petitioner has received the relief requested and ordered as to these portions of the TRO. Because there is no present controversy as to which effective relief can be granted as to these points, they are moot. *See Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

The TRO is not moot as to the orders that: (1) Respondents may not re-detain Petitioner without compliance with applicable INA Regulations; and (2) to preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner. Maintaining these protections is important given Respondents failure to file their Notice of Compliance "within twenty-four (24) hours" of Petitioner's release as

4

ordered by the Court. In addition, it is unclear whether upon Petitioner's release, Respondents returned to Petitioner any personal effects confiscated at the time of his detention, including, but not limited to, all forms of identification and/or work authorization documents

Further, the Court declines to find the Petition as a whole moot at this time, as the OSC was solely related to the issuance of a preliminary injunction, not the final resolution of the case. The Magistrate Judge assigned to this case will set a briefing schedule for Respondents to respond to the merits of the Petition.

## IV.    CONCLUSION

For the foregoing reasons, the Court issues a Preliminary Injunction and ORDERS as follows:

1.    Respondents may not re-detain Petitioner without complying with applicable INA Regulations.

2.    To preserve the Court's jurisdiction, Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

3.    Respondents must file by **March 23, 2026** a Notice of Compliance that addresses the return of Petitioner's personal effects confiscated at the time of his detention.

**IT IS SO ORDERED**.

Dated:   3/18/26

*Cynthia Valenzuela*

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE